UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK D. ALLINGTON,

                                  Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                  Defendant.
_____

DECISION AND ORDER

17-CV-6202L

      Plaintiff Frank D. Allington ("plaintiff"), brings this action under 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that he is not disabled under the Social Security Act.

      Plaintiff originally applied for a period of disability and disability benefits on August 28, 2013, listing a disability onset date of January 7, 2013. (Dkt. #7 at 13). Plaintiff's application was initially denied. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held via videoconference on June 2, 2015 before ALJ Roxanne Fuller. On September 23, 2015, the ALJ issued her decision, finding that plaintiff was not disabled under the Act (Dkt. #7 at 13-22), and her decision became the final decision of the Commissioner on February 24, 2017 when the Appeals Council denied plaintiff's request for review. (Dkt. #7 at 1-3). This appeal followed.

      The plaintiff has moved (Dkt. #8) and the Commissioner has cross-moved (Dkt. #10) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. As discussed below, the Commissioner's decision is affirmed.

# DISCUSSION

## I. Standard for Determining Disability

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

In determining whether the ALJ's decision rest on substantial evidence, "[t]he Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## II. The ALJ's Decision

The ALJ concluded that plaintiff, who was forty years old at the alleged time of onset and has a high school education and past relevant work as a janitor, has the severe impairment of degenerative disc disease of the spine, which does not meet or equal a listed impairment. (Dkt. #7 at 15).

Upon review of the medical evidence of record, the ALJ concluded that plaintiff retained the RFC to perform sedentary work with the following limitations: no more than occasional climbing of ramps, stairs, ladders, ropes or scaffolds; occasional balancing, stooping, crouching, kneeling and crawling, and only occasional exposure to moving mechanical parts, unprotected heights, and operation of motor vehicles. The claimant is further limited to simple, routine, repetitive tasks. (Dkt. #7 at 17).

When presented with this RFC, vocational expert Nicholas Fidanza testified that plaintiff can perform the positions of order clerk, charge account clerk, and call out operator. (Dkt. #7 at 21).

### III. The ALJ's Assessment of Treating Physicians' Opinions[1]

Plaintiff argues that the ALJ erred when she declined to give controlling weight to the opinion of plaintiff's treating neurosurgeon, Dr. David Kung, who performed plaintiff's spinal laminectomy on October 21, 2013 and supervised his recovery, and treating internist, Dr. Roger Schenone. In a one-page "check-box" form, Dr. Kung opined that plaintiff cannot sit for more than 2 hours in an 8-hour workday, requires the need to shift positions and have unscheduled 10-minute breaks every 30 minutes, can lift less than 10 pounds, and will miss more than four days of work per month. (Dkt. #7 at 280). On an identical, one-page form, Dr. Schenone opined that plaintiff can sit, stand or walk for less than 2 hours in an 8-hour workday, requires 10-minute breaks every hour, can lift and carry less than 10 pounds, can rarely twist or stoop, and will miss more than four days of work per month. (Dkt. #7 at 281).

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

3

It is well-settled that while a treating physician's opinion is not binding on the Commissioner, the opinion must be given controlling weight when it is well supported by medical findings and not inconsistent with other substantial evidence. *See Veino*, 312 F.3d 578 at 588; 20 CFR §§404.1527(c)(2), 416.927(c)(2). If a treating physician's opinion is contradicted by other substantial evidence, the ALJ is not required to give the opinion controlling weight. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, the ALJ must properly analyze, and set forth with sufficient specificity to permit meaningful review, his or her reasons for rejecting a treating physician's report. *Id*. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted).

In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d).

Here, the ALJ acknowledged Dr. Kung's and Dr. Schenone's status as a treating physician, as well as their areas of specialty. However, she opted to give "little weight" to the limitations they had indicated, on the grounds that "[t]he objective and clinical findings do not support such limitations…claimant's reflexes and strength were symmetric and palpitation [sic] showed no discomfort. He also had negative straight leg raise tests…the record is devoid of objective and clinical evidence to support the contention the claimant would miss more than 3 days per month. Dr. Kung's treatment records reported unremarkable physical examination findings and Dr. Schenone reported the claimant had symmetric strength and reflexes." (Dkt. #7 at 19-20). *See*

4

*e.g.*, Dkt. #7 at 312 (February 15, 2014, Dr. Kung reports that plaintiff is "doing well"), 313 (March 9, 2014, Dr. Kung notes that plaintiff has "some low back pain (ache) but without leg pain. X-ray okay according to radiologist"), 314 (June 5, 2014, Dr. Kung observes in a treatment note that plaintiff's workplace asked him to lift furniture, and that he "should have a lifetime limitation of heavy lifting more than 25 lbs. in order to protect his back from further injury. I…told the patient to find a job that does not require this kind of lifting activity").

Both of the treating physician reports were one-page, "check-box" forms, and neither physician supported his opinion with reference to any diagnosis or provided any narrative explanation of how or why plaintiff's symptoms could be expected to cause the listed limitations. (Dkt. #7 at 280-81).

Plaintiff argues that in finding the treating physicians' reports inconsistent with objective findings of record, the ALJ improperly "cherry-picked" the record by "ignor[ing] a EMG [(Electromyography)] study which showed left-sided L5 spinal radiculopathy [(nerve compression)] and weakness of the left toes and foot," as well as evidence that plaintiff had a limited spinal range of motion. (Dkt. #8-1 at 13). However, on their face, these findings do not contradict the ALJ's reasoning in declining to grant controlling weight to Dr. Kung's and Dr. Schenone's opinions, and do not suggest, let alone establish, any manner of functional limitation for which the ALJ's RFC determination (limited to sedentary work with sit/stand limitations, no more than occasional balancing, stooping, crouching, kneeling or crawling, no more than occasional use of stairs, etc.) did not already account.

The ALJ's reasoning that Dr. Kung's and Dr. Schenone's records do not support limitations as extreme as those described in their RFC opinions, and her observation that their physical examination findings were generally "unremarkable," was factually correct. In fact, based on the

5

medical records submitted, plaintiff does not appear to have sought any treatment for back pain until in or around June 3, 2013, five months after his alleged disability onset date. (Dkt. #7 at 170, 273). After a laminectomy and spinal fusion surgery was performed on October 21, 2013, plaintiff's condition appeared stable, and he reported improvement in his pain. (Dkt. #7 at 290, 300, 315). By April 2015, straight leg raising tests (which are used to test whether low back pain is caused by disc herniation) were negative bilaterally. (Dkt. #7 at 295). There is no evidence anywhere in the record that plaintiff is or ever has been rendered incapacitated by his back pain, such that it would cause him to be absent from work several days per month.

Moreover, the ALJ not only didn't "ignore" the EMG report plaintiff claims she overlooked, but explicitly discussed and applied it in her decision, stating: "[w]hile the recent nerve conduction study from June 2015 was abnormal, demonstrating left-sided L5-S1 radiculopathy, it also showed ongoing reinnervation, indicating restoration of nerve function. Even with the EMG positive findings, the claimant's ability to perform the [RFC] assessed herein is reasonable [as it] accommodates a [sic] lifting, carrying, walking, sitting and standing postural limitations in consideration of the claimant's degenerative disc disease." (Dkt. #7 at 18-19).

Again, "'[i]t is self-evident that a determination by the [ALJ] must contain a sufficient explanation of [her] reasoning to permit the reviewing court to judge the adequacy of [her] conclusions.'" *Pacheco v. Barnhart*, 2004 U.S. Dist. LEXIS 10865 at *10-*11 (E.D.N.Y. 2004) (quoting *Rivera v. Sullivan*, 771 F. Supp. 1339, 1354 (S.D.N.Y. 1991)). While the ALJ need not cite to every piece of evidence or reconcile every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). *See also Fiorello v. Heckler,* 725 F.2d 174, 176 (2d Cir. 1983)

6

("[a]lthough we do not require that, in rejecting a claim of disability, an ALJ must reconcile explicitly every conflicting shred of medical testimony, we cannot accept an unreasoned rejection of all the medical evidence in a claimant's favor"). Here, the ALJ summarized the evidence of record in detail, and applied it in a reasonable manner. It is also "apparent from the ALJ's decision that [s]he not only was cognizant of the treating physician rule, but also that [s]he properly applied it in assessing the medical opinions of record." *Lambert v. Commissioner*, 2016 U.S. Dist. LEXIS 39833 at *20 (N.D.N.Y. 2016) (ALJ did not err in implicitly rejecting treating physician's opinion that plaintiff would miss two days of work per month, because it was inconsistent with the medical record, and specifically, with normal physical examinations and objective test results). I therefore identify no error of fact or law in the ALJ's decision, and find no reason to disturb it.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for judgment on the pleadings reversing the Commissioner's decision (Dkt. #8) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #10) is granted. The Commissioner's decision that plaintiff is not disabled is affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 9, 2018.